[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
After review of the affidavits and memoranda of law submitted by the parties, as well as oral argument, the court concludes as follows:
1. Under Section 52-59b(a)(1), jurisdiction over the defendant is properly asserted because the defendant over the past several years has engaged in purposeful Connecticut related activity, and therefore has transacted business within Connecticut. (See Plaintiff's Affidavit).
2. The requisite minimum contacts between the defendant and Connecticut exist. They are such that requiring the defendant to defend the plaintiff's claims in Connecticut does not offend traditional notions of fair play and substantial justice.
The Court has analyzed the affidavits and concludes that the circumstances of this case are such that the defendant's involvement with Connecticut would reasonably lead him to anticipate that he would be "haled into court" there. The court further finds that bringing the defendant personally under the jurisdiction of the Connecticut court would not put him at a severe disadvantage in comparison with the plaintiff.
The plaintiff has established her burden of proving the court's jurisdiction. The defendant's constitutional due process rights are not violated by Connecticut having personal jurisdiction over him in this case.
HON. RICHARD A. WALSH, J. CT Page 5316-XXXX